**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**LANDRY LOTT,**

                                        **Plaintiff,**                    **08-CV-0877(Sr)**

**v.**

**DAVID F. NAPOLI, et al.,**

                                        **Defendants.**

---

## DECISION AND ORDER

Currently before the Court is plaintiff's application for appointment of counsel pursuant to 28 U.S.C. § 1915(e).  Dkt. #4.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

    3.    Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4.    Whether the legal issues involved are complex; and

5.    Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that while an inmate at the Southport Correctional Facility defendants retaliated against him, used excessive force and denied him access to the courts, in violation of his rights pursuant to the First, Eighth and Fourteenth Amendments to the United States Constitution. Dkt. #1.

In support of his motion for appointment of counsel, plaintiff asserts that the factual and legal issues presented are complex and will require significant research and investigation.  Dkt. #4.  Plaintiff further asserts that he has a very limited knowledge of the applicable law and that "due to the fact [that] plaintiff is currently keeplocked [sic] and confined to his cell for 23 hours each day" he has limited access to the law library. *Id*.  In addition, plaintiff submits that the case will likely involve conflicting testimony and counsel will be better able to present evidence and to cross examine witnesses.  *Id*. Finally, plaintiff claims that he has made repeated, unsuccessful attempts to obtain counsel.  *Id*.  Accordingly, plaintiff concludes that he is unable to represent himself.  *Id*. The Court notes that procedurally, this case is still in its infancy.  Plaintiff commenced this action on December 1, 2008.  Dkt. #1.  Chief Judge Richard J. Arcara granted plaintiff's motion for leave to proceed *in forma pauperis* on January 12, 2009 and directed the United States Marshal to serve copies of the Summons and Complaint on the defendants.  Dkt. #3.  Thereafter, plaintiff filed the instant motion on January 28, 2009.  Dkt. #4.

A review of the instant motion and plaintiff's complaint reveals that plaintiff has more than capably articulated his legal theories to the Court.  Moreover, the factual and legal issues presented in this matter are not complex.  Thus, plaintiff has not established that he is unable to represent himself in this matter in its present procedural posture and that the appointment of counsel is warranted at this time under the factors set forth above.

Accordingly, plaintiff's motion for appointment of counsel (Dkt. #4), is denied without prejudice at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.


**SO ORDERED.**

DATED:        Buffalo, New York
              April 3, 2009


                                        **s/ H. Kenneth Schroeder, Jr.**
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**