**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**LANDRY LOTT,**

**Plaintiff,**

**-v-**                                                      **08-CV-877(Sr)**

**DAVID F. NAPOLI, et al.,**

**Defendants.**

_____

**REPORT, RECOMMENDATION AND ORDER**

This case was referred to the undersigned by the Hon. Richard J. Arcara,

pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon

dispositive motions.  Dkt. #26.

Plaintiff commenced this action *pro se,* pursuant to 42 U.S.C. § 1983,

while incarcerated at Sing Sing Correctional Facility.  Dkt. #1.  Upon his release from

custody in March of 2009, plaintiff provided the Court with an address in Rochester,

New York.

By Order of Preliminary Pretrial Conference dated April 22, 2009, plaintiff

was advised that a Preliminary Pretrial Conference was scheduled to be held by

telephone with the Hon. H. Kenneth Schroeder, Jr. on June 1, 2009 at

10:30 a.m.  Dkt. #22.  Plaintiff was advised that he could participate in the conference

by telephone, but in order to do so, he needed to contact the Magistrate Judge's

chambers prior to the conference and provide the telephone number at which he could

be reached.  Dkt. #22. The Order also warned plaintiff that it was his responsibility to keep the court informed of his current address and that his failure to comply with the Court's orders could result in dismissal of the action on the merits.  Dkt. #22.

The plaintiff failed to provide the Magistrate Judge's chambers with the telephone number at which he could be reached for the conference as directed and did not appear for the conference as scheduled.  As a result, the Court directed plaintiff to show cause in writing to be received by the undersigned at 418 U.S. Courthouse, Buffalo, New York no later than June 19, 2009 why this matter should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Dkt. #25.  Plaintiff was warned that failure to comply with this Order would result in a recommendation by this Court to the District Judge to whom this case is assigned that the action be dismissed with prejudice.

The Court has not received any response from plaintiff.  None of the Court's correspondence to plaintiff has been returned to the Court by the United States Postal Service.

## DISCUSSION AND ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure provides that

> If the plaintiff fails to prosecute or to comply with these rules
> or a court order, a defendant may move to dismiss the action
> or any claim against it.  Unless the dismissal order states
> otherwise, a dismissal under this subdivision . . . operates as
> an adjudication on the merits.

However, the Court of Appeals for the Second Circuit has required district courts to

afford *pro se* plaintiffs "special leniency regarding procedural matters" and "has repeatedly detailed factors . . . to be considered before dismissal for failure to comply with a court order."  *LeSane v. Hall's Sec. Analyst, Inc*., 239 F.3d 206, 209 (2d Cir. 2001).  "[T]hese factors significantly cabin a district court's discretion under Rule 41(b), so that deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme."  *Id.* (internal quotation omitted).  As a result, a district court contemplating dismissing a plaintiff's case for failure to prosecute must consider: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.  *See Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *United States ex rel. Drake v. Norden Sys., Inc*., 375 F.3d 248, 254 (2d Cir. 2004); *LeSane*, 239 F.3d at 209.

Plaintiff has had no communication with the Court in more than four months and there is no reason to believe that further communication will be forthcoming.  Plaintiff provided the Court with an address upon his release from prison and it is presumed that the Court's Orders have been received by plaintiff at that address.  *See* Rule 5.2(d) of the Local Rules of Civil Procedure ("A party appearing pro se must furnish the Court with a current address at which papers may be served on the litigant.  Papers sent to this address will be assumed to have been received by plaintiff.").  Plaintiff was advised of

his responsibility to keep the Court informed of his current address and twice warned

that his failure abide by the Court's Orders could result in a dismissal of his action on

the merits. Dkt. #22 & Dkt. #25. Plaintiff was not expected to travel to Court in Buffalo,

but afforded the opportunity to participate in the preliminary pretrial conference by

telephone and to explain his failure to participate in writing. Dkt. #22 & Dkt. #25.

To hold this action in abeyance until plaintiff deigns to contact the Court

would undermine the Court's ability to manage its caseload and could prejudice

defendants by forcing them to chose whether to expend resources gathering information

to defend against plaintiff's expansive allegations or risk plaintiff reappearing at a point

when the memories of witnesses may have faded or documents been misplaced. Finally,

the Court cannot fathom any lesser sanction than dismissal which could preserve the

integrity of the Court's authority over indigent, *pro se* litigants such as plaintiff. To permit

plaintiff's case to be held in abeyance until such time as plaintiff reestablishes contact

with the Court would eviscerate the semblance of any procedural standards for *pro se*

plaintiffs.

## CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that this action be

dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of</u>

Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report,

Recommendation and Order), may result in the District Judge's refusal to consider the

objection.


The Clerk is hereby directed to send a copy of this Order and a copy of

the Report and Recommendation to plaintiff and to counsel for the defendants.


**SO ORDERED.**


DATED:    Buffalo, New York
             July 29, 2009


                                    **s/ H. Kenneth Schroeder, Jr.**
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**